UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| NICOLE T. MARSHALL, | ) | CASE NO. 08-61102 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

This matter is before the Court on Debtor's Application to Proceed *in forma pauperis* (hereafter "application") filed on April 10, 2008.

Following passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, debtors are permitted to seek a waiver of the bankruptcy filing fee. Pursuant to 28 U.S.C. § 1930(f), a "bankruptcy court may waive the filing fee . . . if the court determines that such individual has less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments." By the terms of the statute, a court's ability to waive the fee is permissive, not mandatory ("may waive"), and is premised upon a finding that a debtor the qualitative and quantitative standards. *See* In re Stickney, 370 B.R. 31 (Bankr. D. N.H. 2007); In re Burr, 344 B.R. 234 (Bankr. W.D.N.Y. 2006). In a two-prong test, a debtor must first demonstrate that debtor's income is less than 150 percent of the official poverty limit, then must show an inability to pay the filing fee in installments. *See, e.g.,* Stickney at 36; In re Bradshaw, 349 B.R. 511 (Bankr. E.D. Tenn. 2006). Debtor carries the burden of proof on the elements and must establish both prongs by a preponderance of the evidence. In re Machia, 360 B.R. 416 (Bankr. D. Vt. 2007) Burr, 344 B.R. 234; In re Lineberry, 344 B.R. 487 (Bankr. W.D. Va. 2006). The court makes the determination to approve or deny an in forma pauperis application based on a totality of the circumstances. *See* Stickney, 370 B.R. 31; In re Robinson, 2007 WL 3498296 (Bankr. S.D. Ga. 2006) (not reported); Bradshaw, 349 B.R. 511; Machia, 360 B.R. 416.

In accordance with the above, the court will first determine whether Debtor's income is 150 percent of the poverty level. According to the Department of Health and Human Services 2008 Poverty Level Guidelines, available at http://aspe.hhs.gov/poverty/08poverty.shtml, the poverty income for a family of three is $17,600.00. At 150 percent of poverty, the poverty income is $26,400.00 annually, or $2,200.00 per month.

Schedule I indicates that Debtor nets $1,178.70 per month from employment and receives $325.00 per month in child support, for a total monthly income of $1,503.70.

These amounts are supported by Debtor's pay stubs, 2007 tax return, and proof of child support. Thus, the Court concludes that Debtor is below the 150% poverty threshold and therefore satisfies the first prong of the test.

Next, the court must determine if Debtor has the ability to pay the filing fee in installments. After a thorough review of the application, the court finds that Debtor failed to carry the burden of proof on the second prong and has not demonstrated an inability to pay the filing fee in installments under a totality of the circumstances. Prior to filing, Debtor received a federal income tax refund of $5,856.00 for 2007.[1] Her petition indicates that she had no cash on hand at the time of filing, so the Court must conclude that the Debtor spent the entire refund prior to filing this case. Debtor did provide an accounting to the Court:

| | |
|---|---|
| $1,600.00 | Down payment on car |
| $1,888.00 | Past due rent, water and late fees |
| $ 400.00 | Kids clothes and shoes |
| $ 300.00 | Groceries |
| $ 400.00 | Back phone, cable bill |
| $ 310.00 | Daughter's braces |
| $ 140.00 | Work clothes |
| $ 460.00 | Attorney fees |
| $5,498.00 | |

She attached copies of receipts supporting the rental disbursement and the payment to her attorney. First, the Court notes that there is no accounting for $358.00 of the tax refund. Since the filing fee for this case is $299.00, the unaccounted for funds would be sufficient to pay the filing fee. Second, since Debtor paid her attorney from the tax refund, it is clear that the bankruptcy was contemplated at a time when tax refund monies remained, yet no effort was made to set aside sufficient monies to pay the filing fee.

The Court also notes that Debtor incurred new secured debt prior to filing. She lists ownership of only one vehicle, a 2002 Pontiac Grand Am, financed by Atlantic Financial Services. According to the tax refund accounting, Debtor put $1,600.00 down on the car. The monthly payment listed on Schedule J for the vehicle is $348.00. If this payment were subtracted from her expenses, she would have Were it not for this payment, Debtor would have $253.70 disposable income to pay the filing fee in installments. Taking the facts as a whole, the Court finds Debtor's prepetition conduct does not support a waiver of the filing fee. Simply, Debtor had the ability to pay the filing fee before the case was filed.

Based on the above, the court cannot conclude that Debtor demonstrated, by a preponderance of the evidence, entitlement to a waiver of the filing fee. Therefore, the

---

[1] The court has no information on whether Debtor also received a state income tax refund for 2007.

court hereby **DENIES** Debtor's application to proceed *in forma pauperis*. Debtor shall be permitted to pay the filing fee in installments of $75.00 until the fee is paid in full and may pay the amount in full anytime during the payment plan.[2] The first payment is due on **June 27, 2008**. If paying by mail, Debtor shall send a money order, payable to Clerk, United States Bankruptcy Court, to United States Bankruptcy Court, 201 Cleveland Ave., S.W., Canton, OH 44702. If paying in person, Debtor shall bring either the exact amount of cash or a money order, payable to Clerk, United States Bankruptcy Court, to the Clerk's Office. Failure to pay the filing fee in accordance with this order will result in dismissal of the case.

An order in accordance with this decision shall be issued immediately.

/s/ Russ Kendig
_____
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Nicole T Marshall
147 S Adams St
Mansfield, OH 44902

Robert Goldberger
13 Park Ave W
#300
Mansfield, OH 44902

Anthony J. DeGirolamo, Trustee
Courtyard Centre, Suite 625
116 Cleveland Ave., N.W.
Canton, OH 44702

---

[2] The payment schedule is as follows:
    June 27, 2008:       $75.00
    July 25, 2008:        $75.00
    August 29, 2008:    $75.00
    September 26, 2008: $74.00